The State v. Bolander.

## THE STATE v. BOLANDER.

1. **Larceny:** APPROPRIATION OF PROPERTY FOUND: EVIDENCE. In this case, *held* that the jury was warranted in finding either that defendant stole the pocket-book from the prosecuting witness' satchel, or else that he found it, and knew whose it was, but appropriated it to his own use, (Code, § 3907,) and that a verdict of guilty was properly rendered.

2. ———: ———: INSTRUCTION. In such case the court instructed the jury that "if one finds goods or property of another, knowing the owner, and takes them or it away, with the intention of converting the

same to his own use, and thereby deprive the owner of them, and he afterwards returns the goods when detected, or for any other reason, such return will not purge the act of the crime of larceny." *Held* not erroneous, when the evidence tended to show that defendant knew the owner of the property found by him, (which was a pocket-book contain. ing money,) and that he destroyed the pocket-book and appropriated most of the money to his own use, but afterwards sent to the owner other money in amount almost equal to the sum contained in the pocket-book when found.

## *Appeal from Hardin District Court.*

### Friday, October 15, 1886.

Indictment for larceny. The jury found the defendant guilty, and from the judgment he appeals.

*J. H. Scales*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

Seevers, J.—Miss Eustice, the prosecuting witness, testified that she was at a hotel in Ackley, and had a pocket-book, which was in a hand-bag or satchel, and that there was in the pocket-book $88 in money, and that she placed the satchel on a chair in a room for a short time to see about her baggage, and when she returned she saw the defendant at or near the door of her room. Shortly afterwards she left the hotel in an omnibus driven by or in charge of the defendant, and went to the depot, where she took a train for Hampton. When she left the hotel, she carried the hand-bag in her hand, and took it with her to Hampton, and threw it on a table, which caused it to open, and upon then searching for the pocket-book she found it and the money gone. About two weeks afterwards the defendant returned, or caused to be returned, to her, $86 in money. The defendant was a witness in his own behalf, and testified that he found the pocket-book in the omnibus after the prosecuting witness had left, and prior to leaving the depot to return to the hotel. The defendant testified that some man rode in the omnibus with the prosecuting witness. This she denied. He further testified that two men got in the omnibus after the plaintiff.

left it, and were there when he picked up the pocket-book; but who they were he did not know, nor was he able to describe them. The defendant testified that he removed the money from the pocket-book, and threw the pocket-book into a privy. There is no evidence tending to show that the defendant made any inquiry for the owner of the money, or that he informed any one but his wife that he had found it. There is evidence which tends to show that, when he was spoken to about it, he did not deny that the money belonged to the plaintiff, and he seemed then entirely willing to return it to her. There is also evidence tending to show that he said he had won the money at poker. Such is the material evidence.

I. Counsel for the appellant say the defendant "ought not to be convicted, and, if the sentence is sustained, it will

1. LARCENY: appropriation of property found : evidence.

be an outrage on justice." The verdict, we think, is undoubtedly right. The jury were warranted in finding that defendant took the pocket-book from the prosecuting witness' satchel, and that he did not find the money in the omnibus; but, if he did so find it, the jury were warranted in finding that he knew the owner, and was therefore guilty, under the statute, of larceny.

II. The only criticism of the third paragraph of the charge is in these words: "It is an attempt to draw the minds of the jury to the theory of the prosecution, and indirectly directs them to consider the assumption of the prosecution as proof. There was no proof of any taking, as detailed in the instruction, as an hypothesis of guilt." We deem it sufficient to say that the instruction, in our opinion, is without a doubt correct. It is the usual instruction given where the charge is larceny.

III. The fourth paragraph of the charge is in these words: "If one finds goods or property, and knowing who is

2. ——: ——: instruction.

the owner, converts the property to his own use, he is guilty of larceny; and if one finds goods or property of another, knowing the owner, and takes them or it away, with the intention of converting the same to his own

use, and thereby deprive the owner of them, and he afterwards returns the goods when detected, or for any other reason, such return will not purge the act of the crime of larceny." It is provided by statute that, "if any person come, by finding, to the possession of any personal property of which he knows the owner, and unlawfully appropriates the same, or any part therof, to his own use, he is guilty of larceny." (Code, § 3907.) It is said that the instruction is erroneous, because a mere mental appropriation is not sufficient; that the defendant must have known the owner, and, if he returned the property, then he did not in fact appropriate it to his own use. The question whether he knew the owner was for the jury, and, as applied to the evidence, the instruction in relation to the return of the money, in our opinion, is clearly correct. By giving the defendant the benefit of a doubt, it is possibly true that he returned a portion of the money taken or found; but much the larger portion of it was money of the same amount or value, but it was not the identical money of which the prosecuting witness had been deprived, and therefore the defendant did unlawfully appropriate to his own use the greater portion of the money taken or found. The fact that he may have returned other and different money is wholly immaterial. The instruction is not erroneous, and, under the evidence, is favorable to the defendant.

Paragraphs 8, 10, and 11 of the charge are briefly criticized by counsel, and we have, as in duty bound, examined them, and readily conclude that they are not erroneous or in any respect prejudicial.

Instructions were asked by the defendant and refused. In relation thereto, counsel simply say they "should have been given, as they contained the law of the defense, which was not given in the charge of the court." We deem it sufficient to say that the charge of the court covers the whole ground, and is as favorable to the defendant as the evidence justified. There was no error in refusing the instructions asked. AFFIRMED.